Jesse Ray BELL

v.

**VETERAN'S ADMINISTRATION HOSPITAL**

Civ. A. No. 86–1888.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Jan. 28, 1987.

Jesse Ray Bell, pro se.

William Yarno, Central La. Legal Services, Alexandria, La., for plaintiff.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

## RULING

LITTLE, District Judge.

Jesse Ray Bell filed this suit invoking the protection of 5 U.S.C. § 7703(b)(2) and 42 U.S.C. § 2000e–16(c) alleging that he has been a victim of racial discrimination while employed by the Veterans Administration. The Government has filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, alleging that Bell failed to name the proper party defendant. The facts in this case bear a striking resemblance to those in the recent Supreme Court case of *Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), and on the basis of that authority, the defendant's motion to dismiss is GRANTED.

Bell seeks to press a Title VII claim by way of a complaint filed with this Court on 27 August 1986. Under 42 U.S.C. § 2000e–16(c), the plaintiff has thirty (30) days from the receipt of the denial of his claim by the Merit Protection Review Board to file a suit in the district court. See 5 U.S.C. § 7703(b)(2). Bell was notified of the denial of his claim on 11 July 1986.

 In his opposition to the motion for dismissal, the plaintiff points out that although his complaint was not marked "filed" by the clerk's office until 27 August 1986, a handwritten complaint was stamped "received" on 8 August and a standardized Title VII complaint form was stamped "received" on 11 August. Assuming the handwritten complaint and the standardized form complaint were sufficient to cut off the § 2000e–16(c) limitations period, see e.g. *Gonzalez-Aller Balseyro v. GTE*, 702 F.2d 857 (10th Cir.1983), plaintiff's claim is still subject to dismissal under *Schiavone*. The plaintiff named the wrong defendants and these improper defendants were not served with notice of the suit until well after the expiration of the limitations period. Sued were the Veterans Administration Hospital, the Attorney General for the Western District of Louisiana, and the Attorney General in Washington, D.C. Plaintiff should properly have sued Thomas K. Turnage, Administrator of Veterans Affairs. 42 U.S.C. § 2000e–16(c); *Rozier v. Roudebush*, 444 F.Supp. 861 (D.Ga.1977).

██ In *Schiavone*, the plaintiff sought recovery for an allegedly libelous statement printed in FORTUNE magazine. In a complaint filed near the end of the limitations period, the named defendant was "Fortune." Service on Fortune was not attempted until after the limitations period had expired. Fortune, however, is merely a trademark and an internal division of Time, Inc. Approximately one month later, the plaintiff amended his complaint to read "Fortune, also known as Time, Incorporated."

The question before the Supreme Court was whether an amended petition, filed and served after the running of the limitations period, which adds a new defendant, can relate back to the filing of the original complaint. The Court answered in the negative.

The plaintiff first asserted an "identity-of-interest" argument, that notice to Fortune should constitute notice to Time as Fortune is a division of Time, Inc. The Court rejected this argument since, as here, notice to the party named in the complaint was not attempted until after the running of the statute of limitations. Therefore, the identity-of-interest exception did not apply and no notice could be imputed. —— U.S. ——, 106 S.Ct. at 2382. The second argument advanced by the plaintiff relied upon the relation back principle of Fed.R.Civ.P. 15(c), which may be applied if four factors are fulfilled:

1. The basic claim must have arisen out of the conduct set forth in the original pleading;

2. The party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

3. That party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

4. The second and third requirements must have been fulfilled within the prescribed limitations period.

As in *Schiavone*, the first factor is not at issue. Also, as in *Schiavone*, the remaining factors have not been met. Turnage, the proper party, could not have received notice of the litigation and could not have known that but for a mistake in identity, he would have been named as a defendant within the limitations period.

The *Schiavone* reasoning has been applied by a Texas district court to dismiss a claim on nearly identical facts in *Gonzales v. Secretary of the Air Force*, 638 F.Supp. 1323 (N.D.Tex.1986). In *Gonzales*, the plaintiff's timely Title VII complaint failed to name the Secretary of the Air Force, the proper party defendant. Although the plaintiff did not sue and serve the proper

party within the limitations period, the court allowed the complaint to be amended pursuant to the Fifth Circuit's liberal interpretation of Fed.R.Civ.P. 15(c). The defendant then filed a motion to reconsider based upon the recently handed down *Schiavone* decision, to which the court responded:

> Based on *Schiavone*, because the plaintiff did not serve the Department of the Air Force within the required thirty day statutory period, there is no proper notice to the Department that could be imputed to the Secretary of the Air Force. *Id.* Therefore, plaintiff cannot amend his complaint and the complaint must be dismissed because he failed to sue the proper party.

638 F.Supp. at 1325. Likewise, since Bell failed to name the proper party defendant and may not amend his complaint to include the proper defendant, his suit must be dismissed.

Although not addressed by either party, this Court had some reservations about the retroactive application of *Schiavone*. However, the Fifth Circuit has consistently given retroactive application to decisions which erect a procedural bar to a plaintiff's Title VII action. See *Antoine v. United States Postal Service*, 781 F.2d 433 (5th Cir.1986); *Firle v. Mississippi State Department of Education*, 762 F.2d 487 (5th Cir.1985).

Accordingly, the defendant's motion to dismiss is GRANTED and the plaintiff's claim is DISMISSED without prejudice.