**Jesse Ray BELL, Plaintiff-Appellant,**

v.

**VETERANS ADMINISTRATION HOSPITAL, Defendant-Appellee.**

**No. 87–4169**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1987.

Robert Herrington, William Yarno, Jr., Central La. Legal Services, Alexandria, La., for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant-appellee.

E. GRADY JOLLY, Circuit Judge:

Jesse Ray Bell appeals the district court's dismissal of his complaint alleging employment discrimination in violation of the Civil Rights Act of 1964, 654 F.Supp. 69. Because Bell failed to name the proper party defendant in his complaint, the district court dismissed Bell's complaint for lack of subject matter jurisdiction. We affirm.

## I

On September 30, 1985, the Veterans Administration ("VA") removed Bell from his position as a housekeeping aide on charges of sexual harassment and absence without leave. Bell appealed to the Merit Systems Protection Board ("MSPB"), which affirmed Bell's dismissal. Upon Bell's petition for review, the MSPB affirmed its original decision and rendered a final opinion on July 8, 1986. Bell received notice of the final decision on July 11, 1986.

Pursuant to 42 U.S.C. § 2000e–16(c),[1] which imposes a thirty-day statutory filing limitation on civil actions, Bell sought to initiate a Title VII lawsuit in the district court. Following a sample guide provided by the clerk's office, Bell prepared a handwritten complaint and attempted to file it on August 8, 1986. Bell apparently failed to read the statute requiring the head of the agency to be named as the defendant and consequently named the Veterans Administration as the only defendant. The clerk of the court took the complaint and only stamped it "received" on August 8, 1986. According to Bell's sworn affidavit, the clerk assured him that his complaint was timely and that the clerk's office would serve the complaint on the necessary parties. The clerk provided Bell with a request form for a court-appointed attorney, which Bell completed and returned to the clerk's office on August 11, 1986. Bell also completed a standardized Title VII complaint form, which was stamped "received" on August 11, 1986. On August 17, 1986, the district court denied Bell's request for a court-appointed attorney, but granted his request to proceed in forma pauperis. The district court further ordered "that service be perfected on the U.S.A. and/or the V.A. in the manner prescribed by law." For reasons not apparent in the record, Bell's handwritten complaint was not stamped "filed" until August 27, 1986, forty-seven days after Bell received the MSPB's final decision.

The district court assumed that the complaint received on August 8, 1986, met the thirty-day limitations period of 42 U.S.C. § 2000e–16(c), but nevertheless dismissed the complaint on the ground that Bell failed to name the proper defendant, Thomas K. Turnage, Administrator of Veterans Affairs ("the Administrator"). The district court further held that because Bell failed to satisfy the four-part test in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), he could not benefit from the "relation back" provision of Fed. R.Civ.P. 15(c)[2] and could not amend his

---

1. Section 2000e–16(c) provides:

    *Within thirty days* of receipt of notice of final action taken by a department, agency or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section ... *an employee* or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take action on his complaint, *may file a civil action* as provided in section 2000e–5 of this title, *in which civil action the head of the department, agency, or unit,* as appropriate, *shall be the defendant.*

    42 U.S.C. § 2000e–16(c) (1982) (emphasis added).

2. Rule 15(c) provides:

    Rule 15. Amended and Supplemental Pleadings

    (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

    The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or any agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

complaint to add the Administrator. Bell appealed.

## II

Bell argues that (1) he has complied with *Schiavone* and should be permitted to amend his complaint under Rule 15(c); and (2) this court should waive, on equitable grounds, any noncompliance on Bell's part with the technical filing requirements because, as a *pro se* plaintiff, Bell was misled by court personnel.

### A.

In *Schiavone*, the Supreme Court set forth four factors upon which "relation back" of an amended pleading under Rule 15(c) depends:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

106 S.Ct. at 2384. All four factors must be satisfied before relation back will apply. *Id.*

Applying the *Schiavone* test to Bell's case, the district court noted that the proper party defendant, the Administrator, was not named and that the complaint was therefore subject to dismissal. Furthermore, because Bell did not serve process upon *any* defendant until well after the thirty-day limitations period had expired, the district court held that the Administrator could not have known within the prescribed limitations period that, but for Bell's mistake in naming the proper defendant, the federal action would have been brought against him. Thus, Bell failed to comply with the second, third and fourth factors of the *Schiavone* test, and the complaint could not be amended to relate back to the original filing date under Rule 15(c).

Bell argues that he satisfied *Schiavone*'s notice requirements by virtue of his administrative hearings before the MSPB, of which the Administrator had knowledge. We are sorry, but this argument will not do. We have recently made clear the law in this circuit: Bell's involvement in administrative litigation cannot be construed as notice of a subsequent federal lawsuit. *Gonzales v. Secretary of Air Force*, 824 F.2d 392 (5th Cir.1987). Furthermore, because Bell failed to serve notice on any party until after the thirty-day limitations period had expired, knowledge of his federal lawsuit cannot be imputed to the Administrator from service on the Veterans Administration and the United States Attorney. *Id.* We hold, therefore, that, under *Schiavone*, the district court correctly dismissed Bell's complaint and disallowed an amendment naming the proper party defendant.

### B.

Bell's final argument is that the district court personnel misled him by assuring him that they would effect service of the complaint, and thus "effectively prevented [him] from serving the proper defendant." This court, he argues, should therefore exercise its equitable powers to waive *Schiavone*'s technical filing requirements and toll the thirty-day limitations period in 42 U.S.C. § 2000e–16(c). Bell's equitable argument does not take into account that Bell named and sued the wrong party in his complaint; we cannot hold the clerk's office culpable for results that arise from actually suing the wrong party, especially when they offered him no advice on whom to sue.

Nevertheless, we are not unsympathetic to Bell's request for equitable relief, and we certainly understand his frustrations as a *pro se* plaintiff in dealing with complex procedural requirements that may seem unnecessarily burdensome. This circuit, however, has held that the thirty-day civil action filing limitation for federal employees in 42 U.S.C. § 2000e–16(c) is a "jurisdictional requirement" that is not subject to equitable tolling. *Eastland v. Tennes-*

*see Valley Authority,* 553 F.2d 364, 368 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977).[3] We are therefore bound by the law of this circuit and cannot toll the time limitation; nor, for the same jurisdictional reason, can we consider relief in the form of equitable estoppel.

### III

In conclusion, the district court correctly dismissed Bell's complaint for failure to name the proper defendant, and, under *Schiavone,* disallowed an amendment naming the Administrator as the proper defendant. Because Bell failed to comply with a jurisdictional requirement, 42 U.S.C. § 2000e–16(c), this court will not consider the equitable relief that he requests. The district court's judgment of dismissal is therefore

AFFIRMED.

---

**3.** Although other authority has questioned the continued validity of *Eastland, Antoine v. United States Postal Service,* 781 F.2d 433, 439 n. 6 (5th Cir.1986), we are bound by our earlier authority.