**Eleanor B. HENDRIX**

v.

**DEPARTMENT OF AGRICULTURE AGENCY.**

**Civ. A. No. 85–2680.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 21, 1987.

Angelo Piazza III, Pineville, La., for plaintiff.

John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

## RULING

LITTLE, District Judge.

The plaintiff was terminated from her employment as a forestry technician and believed her termination was due to sex or age discrimination. After reviewing her complaint, the EEOC issued her a right to sue letter on 17 August 1985, notifying her that she had thirty days within which to file suit in federal court. See 42 U.S.C. § 2000e–16(c). Hendrix filed suit on 16 September 1985 naming as defendant the "Department of Agriculture Agency." The only entity receiving service of the complaint at that time was the Assistant United States Attorney for the Western District of Louisiana.

The United States has filed a motion to dismiss, citing the plaintiff's failure to

name and serve the proper party defendant prior to the running of the applicable statute of limitations. The procedure for service when the United States is a defendant is governed by Fed.R.Civ.P. 4(d)(4) which requires that service:

Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

It is not questioned that the plaintiff did not name, nor serve the proper party defendant, Richard Lyng, the Secretary of the Department of Agriculture. Nor was the United States Attorney General in Washington served. However, the plaintiff filed an amended complaint on 11 August 1986 which named the secretary of agriculture as a defendant. Service, by certified mail, was effected upon the secretary on 4 November 1987. Similarly served on that date was the United States Attorney General.

■ The government's attorney correctly notes that the disposition of this case is governed by *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) and its progeny. In *Schiavone*, the Supreme Court construed the "relation back" principle of Fed.R.Civ.P. 15(c) in a situation in which a plaintiff who timely instituted an action sued the incorrect defendant and did not effect service on that defendant until the expiration of the limitations period. The plaintiff then sought to substitute the proper defendant through the relation back principle of Rule 15(c). In *Schiavone* the plaintiff filed a libel suit near the end of the limitations period, naming Fortune as defendant. Service was not effected on Fortune until after the statute of limitations had run. The plaintiff later discovered that Fortune was merely a trademark used by Time, Inc. The court first rejected the plaintiff's argument that Time should be substituted for Fortune on an "identity of interest" exception.

Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party. In this case, however, neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time. See *Hernandez Jimenez v. Calero Toledo*, 604 F2d 99, 102–103 (CA1 1979); *Norton v. International Harvester Co.*, 627 F2d 18, 20–21 (CA7 1980).

*Schiavone v. Fortune, supra*, 106 S.Ct. at 2384. The court next focused on Rule 15(c). Relation back is permitted under that rule if four factors are satisfied.

(1) [T]he basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.*

The first factor is satisfied. The problem in the instant case, as in *Schiavone*, is with the remaining three factors. This Court, as well as the Fifth Circuit, has visited similar cases. *Bell v. Veterans Administration Hospital*, 654 F.Supp. 69 (W.D.La.1987), *aff'd*, 826 F.2d 357 (5th Cir. 1987); *Gonzales v. Secretary of the Air Force*, 824 F.2d 392 (5th Cir.1987).

■ Like Hendrix, the plaintiff in *Bell* sought judicial relief under Title VII for the alleged discriminatory dismissal from

his job at a Veterans Administration Hospital. Bell failed to name as defendant Thomas K. Turnage, Administrator of Veterans Affairs. This court held, and the Fifth Circuit agreed, that because Bell failed to serve any defendant until after the expiration of the limitations period he could not amend his complaint to relate back to the original filing date under 15(c). 826 F.2d at 360.

Eleanor Hendrix faces the same fate. She may not relate back to her amended petition naming the Secretary of Agriculture as a defendant because she failed to serve any defendant within the limitations period. The Secretary was served on 4 November 1987, more than two years after the filing of the original complaint. The only party receiving notice of the suit initially was the Assistant United States Attorney for the Western District of Louisiana, who was served 22 November 1985. The Secretary did not receive notice of Hendrix's suit and would not reasonably have known that but for a mistake, he should have been sued. Finally, neither of the above occurred within the limitations period of § 2000e–16(c) and therefore Hendrix's amended complaint may not relate back. *Gonzales v. Secretary of the Air Force*, 824 F.2d 392, 395–6 (5th Cir.1987).

The defendant's motion to dismiss is GRANTED and the plaintiff's claims are DISMISSED.