**Carolyn A. LAMB, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Harold A. Latiolais, Postmaster, and Acting Postmaster, Defendants–Appellees.**

No. 88–4259
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1988.

Randall K. Theunissen, Nora M. Stelly, Allen, Gooch, Bourgeois, Breaux, Robison & Theunissen, Lafayette, La., for plaintiff-appellant.

Thomas B. Thompson, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Lafayette, La., David G. Karro, Washington, D.C., for defendants-appellees.

Before POLITZ, KING, and SMITH, Circuit Judges.

**PER CURIAM:**

Carolyn A. Lamb instituted this employment discrimination action to rectify what she claims was a racially-motivated decision to deny her a job promotion. Her employer, the United States Postal Service ("the Service"), and Harold A. Latiolais, the postmaster who refused to promote her, contend that they are improper defendants to this action.

As the defendants correctly note, Lamb, who is a federal employee, must rely upon 42 U.S.C. § 2000e–16(a)-(c), which provides the exclusive remedy for the employment discrimination claims of federal employees. Section 2000e–16(c) required Lamb to file her action within 30 days of receiving notice of the final agency decision. *Brown v. General Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Bell v. Veterans Admin. Hosp.*, 826 F.2d 357, 360–61 (5th Cir.1987). Since Lamb first learned of the final agency decision on August 5, 1987, she had until September 4, 1987, to file her action.[1]

On September 2, 1987, she filed this suit, but named only the Service and Latiolais as defendants. She served process on the United States Attorney for the Western District of Louisiana on September 14, and Latiolais on September 15. The district court permitted Lamb to amend her complaint, adding the Postmaster General as a defendant, on November 20, 1987, and on December 8, Lamb served the amended complaint on the Postmaster General through the United States Attorney for the Western District of Louisiana.

■ However, we have unequivocally adopted the rule that the only proper defendant in a Title VII action against the Postal Service is the Postmaster General. *Dacus v. United States Postal Service*, No. 87–6067 (5th Cir. Feb. 24, 1988) [841 F.2d 395 (table)]; *Newbold v. United States Postal Service*, 614 F.2d 46, 47 (5th Cir.),

---

1. Lamb could have filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and awaited the EEOC's decision before filing a lawsuit. 42 U.S.C. § 2000e–16(c);

*Brown*, 425 U.S. at 832, 96 S.Ct. at 1967. She elected, instead, to bypass the EEOC and institute this action.

*cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).[2] In *Dacus,* we noted that

> [t]he complaint ... failed to name the appropriate defendant. The statute explicitly provides that in a Title VII suit against the federal government the head of the agency is the proper defendant.... Dacus named only the United States Postal Service as a defendant in his original complaint, rather than ... the Postmaster General.

Slip op. at 3. It follows that Lamb failed to sue the proper defendant within the time allowed by Congress and that her action therefore is time-barred.

■ Lamb attempts to avoid this obvious result by urging us to exercise our discretion to order a substitution of the Postmaster General as the defendant. In this matter, however, we have no discretion; we are bound by *Dacus* and by *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

In *Schiavone,* the Supreme Court addressed Fed.R.Civ.P. 15(c), the only means a civil plaintiff has of adding a defendant to a lawsuit after the statute of limitations has run. Under *Schiavone,* such an amendment does not relate back to the date of the original complaint unless it satisfies all the elements of a four-pronged test:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have

been fulfilled within the prescribed limitations period.

477 U.S. at 29, 106 S.Ct. at 2384.

In *Dacus,* as here, no governmental entity was served until after the limitations period had run. We applied the *Schiavone* test as follows:

> Here, no government entity was served until [after limitations had expired]. Postmaster General Tisch could not have known within the limitations period that a suit would have been brought against him but for Dacus' mistake in naming the proper defendant. The amendment thus cannot relate back. *See Bell v. Veterans Administration Hospital,* 826 F.2d 357, 359 (5th Cir.1987); *Gonzalez [Gonzales] v. Secretary of Air Force,* 824 F.2d 392, 395–96 (5th Cir.1987).

Slip op. at 4. Thus, in obedience to *Dacus,* Lamb fails the test under the fourth prong of *Schiavone.*

*Dacus* also recognizes that the limitation on section 2000e–16 actions is jurisdictional:

> Fed.R.Civ.P. 82 prevents the use of the federal civil procedure rules from expanding the jurisdiction of the federal courts. We agree with the First Circuit that "Rule 15 is not to be viewed as enlarging or restricting federal jurisdiction." *USM Corp. v. GKN Fasteners, Ltd.,* 578 F.2d 21, 22 (1st Cir.1978). Allowing Dacus to use Rule 15(a) now to amend his complaint would create jurisdiction, and this we cannot allow.

Slip op. at 5–6. *See also* slip op. at 5; *Bell,* 826 F.2d at 360–61 (citing *Eastland v. Tennessee Valley Author.,* 553 F.2d 364, 368 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977)).

The judgment is AFFIRMED.

**2.** Lamb suggests that the *Dacus-Newbold* rule applies only to the analysis of § 2000e–16(c), not of § 2000e–16(a). However, Lamb herself admitted that § 2000e–16(c), not § 2000e–16(a), governs who may be sued in a § 2000e–16 lawsuit. In § 2000e–16(c), Congress provided, in pertinent part, that

> [w]ithin thirty days of receipt of notice of final action taken by a department, agency, or

unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit ... an employee ... may file a civil action ... in which ... the head of the department, agency, or unit, as appropriate, shall be the defendant.

42 U.S.C. § 2000e–16(c) (West 1981).