869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. ELKINS, Plaintiff-Appellant,
v.
John JORDON, Defendant-Appellee.
 No. 88-5959.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1989.
 
 1
 Before RALPH B. GUY Jr., and ALAN E. NORRIS, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 Donald L. Elkins, a pro se federal employee, appeals the district court's order dismissing his reverse discrimination suit filed under 42 U.S.C. Sec. 1983 and denying his motion for leave to amend his complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, a white male employed at the Lexington Blue Grass Army Depot, brought this action against John Jordon, a black supervisory officer, alleging that Jordon discriminated against him on the basis of race when he hired a less qualified black employee for a certain warehouse position. Thereafter, the Equal Employment Opportunity Commission (EEOC) affirmed the Army's final decision, which found no discrimination in plaintiff's nonselection. On March 5, 1988, plaintiff received a copy of the EEOC decision which informed him of his right to sue within 30 days of receipt. Thereafter, plaintiff filed his complaint on April 4, 1988. He never served the proper party defendant. The district court dismissed the Sec. 1983 action, and thereafter denied plaintiff's motion for leave to amend the complaint.
 
 
 4
 Upon consideration, we conclude the district court properly dismissed plaintiff's Sec. 1983 claim for lack of state action. Furthermore, we conclude the case would have been properly dismissed even if the court had granted plaintiff's motion for leave to amend the complaint as a Title VII action. Plaintiff received notice of his right to sue on March 5, 1988. Hence, as he failed to bring his action against the proper party defendant by or before April 5, 1988, the thirty day jurisdictional time for bringing the suit expired and his suit was untimely and therefore properly dismissed. See Bell v. Veteran's Administration Hospital, 826 F.2d 357, 359 (6th Cir.1987).
 
 
 5
 Additionally, we find that because John O. Marsh, the proper party defendant, did not have actual notice of the suit within the limitation for bringing the action, see Schiavone v. Fortune, 477 U.S. 21, 29-31 (1986), plaintiff's amended complaint would not have related back to the filing of his original complaint to preserve his cause of action as being timely. See Fed.R.Civ.P. 15(c). Hence, the suit was properly dismissed.
 
 
 6
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation