**Eulas MONTGOMERY, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

No. 88–2605

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 17, 1989.

---

David G. Peake, Houston, Tex., for plaintiff-appellant.

Sarah R. Tunnell, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., Lori Dym, Office of Labor Law, U.S. Postal

Service, Washington, D.C., for defendant-appellee.

Before RUBIN, GARWOOD and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Eulas Montgomery (Montgomery) challenges the district court's dismissal of his Title VII claim alleging that the United States Postal Service (Postal Service) unlawfully terminated his employment for racial reasons. The district court found that Montgomery failed to satisfy the notice requirements of Fed.R.Civ.P. 15(c), which would allow his proffered amended complaint naming the proper party defendant—the Postmaster General—to relate back to the date of his original complaint filed within the statutory limitations period. We find that a fact question remains on whether the proper party defendant received actual notice within the limitations period, and therefore whether Montgomery's amended complaint would relate back under Rule 15(c). Accordingly, we reverse the district court's summary dismissal of the Title VII claim.

## Facts and Proceedings Below

Montgomery was discharged from his employment with the Postal Service on September 9, 1985. He sought administrative review of his dismissal from the Merit System Protection Board (MSPB), claiming that his termination was racially motivated. The MSPB upheld the Postal Service's action in an order issued November 17, 1987, which became final on December 22, 1987.

Montgomery filed this action on December 18, 1987, asserting several claims including a violation of Title VII, 42 U.S.C. §§ 2000e et seq. He named the Postal Service as the only defendant. Appellee has admitted that the original complaint was timely filed, at least if it had named the proper party defendant.

On December 22, 1987, Montgomery claims to have mailed a copy of the summons and complaint to the Attorney General, the local Postmaster, and the United States Attorney for the Southern District of Texas. The U.S. Attorney acknowledged receipt of the summons and complaint in a December 28, 1987, letter addressed to Montgomery's counsel rejecting service and stating that personal service was required. The Attorney General has not acknowledged receipt of the complaint. The U.S. Attorney was thereafter personally served on February 16, 1988, and moved unopposed on April 18 for a five-day enlargement of time to respond to Montgomery's complaint.

On April 22, the government filed a Motion to Dismiss or Alternatively for Summary Judgment, asserting improper service of process, that Montgomery named the wrong defendant, and that an amendment naming the proper party defendant—the Postmaster General—could not relate back under Rule 15(c) because the proper party defendant did not receive notice within the thirty-day limitations period provided by 42 U.S.C. §§ 2000e–16(c). On June 8, 1988, the district court granted summary judgment dismissing all Montgomery's claims and stating that the Title VII claim could not be cured by amendment of the complaint naming the proper defendant because such amendment could never satisfy the notice requirements of Rule 15(c). Two days later Montgomery moved to amend his complaint to name the Postmaster General of the Postal Service—the proper party defendant. That party has never been served because Montgomery has not been granted leave to amend his complaint.

## Discussion

The Postmaster General is the only proper defendant in a Title VII action against the Postal Service. *Lamb v. United States Postal Service*, 852 F.2d 845, 846 (5th Cir.1988). Consequently, Montgomery sued the wrong defendant in his original complaint.

Under 42 U.S.C. § 2000e–16(c), Montgomery was required to bring suit within thirty days of the final MSPB order. All concerned recognize that he filed his origi-

nal complaint in time, but did not move to amend until after the limitations period had expired. Montgomery's claim is therefore time-barred unless his amended complaint properly naming the Postmaster General as defendant relates back to the time of the original filing.

The relation back of an amended complaint substituting a different defendant is governed by Rule 15(c). Under that rule such an amendment does not relate back unless it satisfies all the elements of the following four-part test:

"(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period." *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

█ In order for an amended complaint to relate back, the proper party must have received notice within the limitations period for filing the action and not merely within the time for service of process as provided under Fed.R.Civ.P. 4. *Id.* 106 S.Ct. at 2385; *Harris v. United States Department of Transportation,* 843 F.2d 219, 221 (5th Cir.1988). By its terms, Rule 15(c) states that notice to the U.S. Attorney

within the limitations period is sufficient to preserve an action against a United States agency or officer.[1] *Honeycutt v. Long,* 861 F.2d 1346, 1352 (5th Cir.1988). The parties do not dispute, and the district court did not question, that for these purposes the Postmaster General is an officer of the United States. Thus, notice to the U.S. Attorney is notice to the Postmaster General.

The question on appeal, and which this Circuit has not yet directly decided,[2] is what type of notice satisfies Rule 15(c). Montgomery claims that the U.S. Attorney had notice of the lawsuit within the thirty-day limitations period because he acknowledged, in writing, receipt of the summons and complaint. Assuming that mailing does not constitute proper service on the U.S. Attorney, nevertheless it is *notice* and not service that Rule 15(c) requires. *Schiavone,* 106 S.Ct. at 2385 ("The linchpin is notice, and notice within the limitations period."); *Edwards v. United States,* 755 F.2d 1155, 1158 (5th Cir.1985) (stating in dictum that because Rule 15(c) allows delivery *or* mailing to the U.S. Attorney, "even if more remains to be done to complete service of process under Rule 4(d)(4), the requirements of Rule 15(c) have been satisfied...."). Notice may be formal or informal. *Honeycutt,* 861 F.2d at 1350 (in dictum); Fed.R.Civ.P. 15 advisory committee's note on 1966 amendment. Thus, the issue is whether the U.S. Attorney had sufficient notice under Rule 15(c) when he refused

---

1. Rule 15(c) provides:

"(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of

the proper party, the action would have been brought against the party.

"The delivery or *mailing of process to the United States Attorney, or* the United States Attorney's designee, *or* the Attorney General of the United States, *or* an agency or officer who would have been a proper defendant if named, *satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.*" (Emphasis added).

2. The district court found *Gonzales v. Secretary of Air Force,* 824 F.2d 392 (5th Cir.1987), dispositive, but in that case no government entity received notice—formal or informal—within the limitations period. *See also Harris,* 843 F.2d at 219.

service but acknowledged receipt of the summons and complaint.

■ As a threshold matter, the Postal Service asserts that it must prevail on this summary judgment motion because once it pointed out a deficiency preventing relation back, Montgomery failed to offer any summary judgment evidence to show that the Postal Service had received Rule 15(c) notice. In support of this argument the government notes that Montgomery did not attach the letter of acknowledgement to its opposition to the summary judgment motion. However, in his May 11, 1988, memorandum in opposition to the motion for summary judgment, Montgomery asserted that he mailed the complaint to the U.S. Attorney, the Attorney General, and the local postmaster on December 22, 1987, and that "[t]he United States Attorney acknowledged, in writing, receipt of the complaint." This was never disputed.

A party seeking summary judgment carries the burden of informing the district court of the basis of his motion and identifying those portions of the pleadings or recorded discovery that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986). Once so informed, the district court must enter summary judgment against a nonmoving party who fails to offer some proof assuring the court that he may prevail at trial on a challenged issue that is an essential element of his case. *Id.* 106 S.Ct. at 2552–53.

We find that the government did not meet its initial burden of pointing out the absence of a genuine issue of material fact. The Postal Service stated that it received no *service* within the statutory, thirty-day time period, but has made no showing or allegation that it did not timely receive actual *notice*. The factual issue in this case is notice, not service. The government nowhere below disputed, nor does it dispute on appeal, Montgomery's allegations regarding the letter from the U.S. Attorney.

■ If in fact the U.S. Attorney acknowledged receipt of the summons and complaint within the limitations period as Montgomery claims, all of the factors in the *Schiavone* test have been satisfied. The claim clearly arises out of the conduct set forth in the original complaint, and in acknowledging Montgomery's attempt at service of the complaint the U.S. Attorney had to know that Montgomery intended to bring the action against the postal authority. Finally, notice of the suit and knowledge that the Postmaster General was a potential defendant would occur simultaneously. Thus, summary judgment was improper.

■ Finally, it is argued that we should affirm the summary dismissal of Montgomery's Title VII claim on the alternative ground that he did not serve process on the Postmaster General within the 120 days specified in Fed.R.Civ.P. 4(j). We do not find that this issue was ever raised below (the motion to dismiss or for summary judgment does not cite Rule 4(j)), the district court—as appellee concedes—did not rule on this basis of dismissal, and we decline to decide in the first instance whether Montgomery showed good cause for failing to serve the proper party defendant within that time period.[3] We are not at all sure, however, that Rule 4(j) controls this situation because the most natural construction of its language is that it requires the plaintiff to serve a *defendant* named in the complaint within 120 days of filing the complaint that names the person or entity in question as a defendant in the lawsuit.[4] The Postmaster General is

---

**3.** The government's first responsive pleading, in which it pointed out that Montgomery had sued *the wrong defendant,* was filed 126 days after the complaint. Montgomery had earlier agreed not to challenge a motion by the government to enlarge its time to answer by five days. He argues that he should not be penalized because of the appellee's laggardness or his own cooperation with the opposing party—that these circumstances show good cause for an exception under Rule 4(j).

**4.** Rule 4(j) states:

"**(j) Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon *a defendant* within 120 days after the filing of the complaint and the party on whose behalf such service was required

still not a defendant to this suit because Montgomery has not received permission to amend his complaint to add him. We question whether Rule 4(j) should be interpreted as requiring a plaintiff to serve someone who is not named as a party in its complaint.[5]

### Conclusion

We recognize a material fact issue as to whether the U.S. Attorney timely received actual notice of Montgomery's suit. If so, Montgomery may amend his complaint to add the Postmaster General and relate this amendment back to the filing of the original complaint within the proper limitations period. In the summary judgment motion, it was not asserted that *notice* was not received within the limitations period; thus, Montgomery, who alleged (without contradiction) that there was actually timely notice to the U.S. Attorney, was not required to present additional evidence in order to avoid summary judgment. We reverse the district court's dismissal of the Title VII claim and remand for further proceedings in accordance with this opinion.[6]

REVERSED IN PART AND REMANDED.

cannot show good cause why such service was not made within that period, the action shall be dismissed as to *that defendant* without prejudice upon the court's own initiative with notice to such party or upon motion." (Emphasis added).

**5.** If it were interpreted as allowing only 120 days to serve potentially proper parties not yet named defendants (or parties otherwise) in the suit, Rule 4(j) would in effect prohibit any amendment—even though tendered well within the limitations period—to add a party defendant more than 120 days after the original complaint was filed, absent good cause for not seeking amendment and effecting service thereon within that time. That does not appear to be the purpose of the rule, which focuses on the time to serve process, not the time to amend pleadings or add parties. It would be anomalous, to say the least, to require process to be served on those who are neither parties nor their agents.

**6.** Montgomery's appeal complains only of the dismissal of his Title VII claim; consequently, our reversal is limited to so much of the judgment below as dismisses that claim. So far as the judgment below dismisses Montgomery's other claims, it is affirmed.