**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 01-60368

(Summary Calendar)

_____

DEBRA K. SMITH, Individually and as administratrix of the estate of
Kelli Paige Smith, deceased, and general guardian of Julie Smith and
Heather Smith,

Plaintiff-Appellant,

versus

CHRYSLER CORPORATION; ET AL,

Defendants

AUTOLIV

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
3:98-CV-674

July 11, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]:

Debra Smith appeals the summary judgment entered against her in favor of the Autoliv corporation. The district court concluded that Smith's suit was barred by the applicable statute of limitations.

Debra Smith, her husband, and their three daughters were traveling in a Dodge Ram pickup truck on Industrial Boulevard in Pike County, Mississippi. The truck veered off the road and collided with a tree. Smith and her three daughters were injured. One of the daughters, five-year old Kelli Smith, died at the scene of the accident.

Smith filed, in Mississippi state court, a products liability suit against Chrysler Corporation, which manufactured the pickup truck. The suit alleged that the seatbelts in the truck were defective. Chrysler removed the case to the federal district court, and ultimately settled with the Smiths.

During discovery, Smith learned from Chrysler that an outside company, Autoliv, manufactured the allegedly defective seatbelt. Smith amended her complaint to add Autoliv as a defendant, but this amendment took place after Mississippi's three-year statute of limitations had expired. *See* MISS. CODE ANN. § 15-1-49 (setting forth general statute of limitations for all causes of action not governed by some more specific statute of limitations). Smith claims that she could not have discovered Autoliv's identity any sooner than she did: the exterior casing of the seatbelt did not bear any markings identifying Autoliv as the manufacturer.[1] After being served with process, Autoliv

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Smith argues that, if she had disassembled the seatbelt to discover Autoliv's markings in the interior, she risked spoiling the evidence on which her case depended.

asserted a statute of limitations defense and moved for summary judgment. The district court granted the motion. Smith now appeals.

Smith acknowledges that the three-year statute of limitations governs her cause of action and that the statutory period had expired by the time she amended her complaint to add Autoliv as a defendant. She raises two arguments as to why her suit nevertheless should be permitted to proceed. First, she argues that the amendment adding Autoliv as a party "relates back" to the date of her original complaint under FED. R. CIV. P. 15(c)(3). Second, she argues that the equitable doctrines of "fraudulent concealment" and "equitable estoppel" toll the statute of limitations under Mississippi law.

Smith failed to meet her summary judgment burden with respect to relation back because she adduced no evidence that Autoliv had notice of the suit prior to the expiration of the statute of limitations. Even assuming for the sake of argument that Smith's inability to identify Autoliv as a defendant could somehow count as a "mistake concerning the identity of the proper party" within the meaning of Rule 15(c)(3)(B), she would still have to prove that Autoliv had timely notice of her suit. FED. R. CIV. P. 15(c)(3)(A). In *Shiavone v. Fortune*, 477 U.S. 21, 29 (1986), the Supreme Court held that Rule 15(c) requires the defendant to receive notice of the lawsuit *within the limitations period*. A 1991 amendment to Rule 15 modified the result in *Schiavone*. The amendment allows relation back as long as the defendant receives notice within the time provided for service of process under FED. R. CIV. P. 4(m))) that is, within 120 days from the filing of the complaint))even if this date occurs after the limitations period expires. *Skoczylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992). Smith filed her complaint on September 15, 1998. Assuming *arguendo* that Smith could satisfy the "mistake" requirement of Rule 15(c), she still had only until January 13,

1999 to give Autoliv notice of the suit.

No evidence in the record suggests that Autoliv had notice of the suit, or even of the car accident, by January 13. When a defendant claims on summary judgment that it lacked the notice required by Rule 15(c), it bears the initial burden of "identifying those portions of the pleadings or recorded discovery that it believes demonstrate the absence of a genuine issue of material fact." *Montgomery v. United States Postal Serv.*, 867 F.2d 900, 904 (5th Cir. 1989). Once the defendant meets its initial burden of pointing to an absence of evidence of notice in the record, "the district court must enter summary judgment against a nonmoving party who fails to offer some proof assuring the court that he may prevail at trial" on the issue of notice. *Id.* Here, Autoliv pointed to the absence of evidence of notice in the record. It also submitted a sworn affidavit by its general counsel, Michael Anderson, stating that Autoliv had no notice of Smith's suit until it was served with process, after the limitations period had expired. Anderson's affidavit also explained that Autoliv and Chrysler are not related corporations and do not enjoy an agency relationship. Autoliv sells parts to other car makers besides Chrysler.

Smith failed to produce any evidence that would create a triable issue of fact as to notice. The only evidence which Smith identifies is that Autoliv, on February 15, 2000, designated the same expert witnesses as Chrysler. Smith argues that the short time period between her November 2, 1999 amended complaint and the February 15, 2000 designation of expert witnesses indicates that Autoliv knew about the suit prior to November 2, 1999. But Smith's burden is not to show notice prior to November 2, 1999; her burden is to show notice prior to January 13, 1999. No reasonable trier of fact could infer from Autoliv's designation of experts more than a year after the expiration of the time for service of process that Autoliv had timely notice of the suit. The district court therefore correctly

granted summary judgment to Autoliv on this issue.[2]

Smith next contends that Mississippi's doctrine of "fraudulent concealment" tolled the running of the limitations period until such time that she could reasonably identify Autoliv's existence and identity. MISS. CODE ANN. § 15-1-67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

First, we are uncertain that this statute applies when the plaintiff is well aware of the facts forming the basis of the cause of action, but just not the existence or identity of the defendant. The statute refers to "fraudulently conceal[ing] the cause of action," not the defendant's identity. Even assuming that the statute might apply to a situation in which the defendant fraudulently conceals his identity, Smith points to no affirmative act by Autoliv that could constitute a fraud under Mississippi law.

Mere failures and omissions cannot support a claim for fraudulent concealment. Instead, the plaintiff must show "some act or conduct of an affirmative nature [by the defendant] designed to prevent and which does prevent discovery of the claim." *Robinson v. Cobb*, 763 So.2d 883, 887 (Miss. 2000) (quoting *Reich v. Jesco, Inc.*, 526 So.2d 550, 552 (Miss.1988)). The mere failure of Autoliv to place an identifying mark on the seatbelt cannot constitute fraud under Mississippi law, because only affirmative acts count as frauds under the statute. Moreover, the record discloses that

---

[2]Smith also contends that the district court should have reopened discovery on the notice issue. We review refusals to reopen discovery for abuse of discretion. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.*, 195 F.3d 765, 775 (5th Cir. 1999). Here, Autoliv included its statute of limitations defense in its first responsive pleading, almost seven months prior to the close of discovery. Given that Smith had substantial opportunity during that time to discover evidence relating to Autoliv's notice, the district court did not abuse its discretion in refusing to reopen discovery.

Autoliv did in fact identify itself on the seatbelt mechanism it manufactured. There is no record evidence that Autoliv manufactured the plastic cover, bearing Chrysler's trademark, that covered the component that Autoliv manufactured and that bears its identifying marks.

Smith also argues that the doctrine of "equitable estoppel" tolled the statute of limitations. As with fraudulent concealment, "inequitable or fraudulent conduct *must* be established to estop a party from asserting a statute of limitations defense." *Mississippi Dept. of Public Safety v. Stringer*, 748 So.2d 662, 665 (Miss. 1999). The burden of establishing the elements of an estoppel by a preponderance of the evidence is on the party asserting the estoppel. *Id.* Here, again, there is no evidence that Autoliv did anything fraudulent or inequitable. It truthfully identified itself on the part it manufactured; there is no evidence that it manufactured the plastic cover Chrysler placed over the internal mechanism. Moreover, equitable estoppel requires an "intent" that a misrepresentation or silence be relied upon. *Id.* There is no evidence that Autoliv intended to mislead anyone.

Mississippi law does not require auto manufacturers to turn their vehicles into patchwork collages of the identifying trademarks of the many manufacturers that produce subsidiary components of a vehicle. Smith had a legal remedy against the car manufacturer for any defects in its vehicle, even for defects in component parts manufactured by another company. Under Mississippi law, "one who sells or distributes as his own a product manufactured by another is subject to liability the same as though he were its manufacturer." *Coca Cola Bottling Co. v. Reeves*, 486 So.2d 374, 378 (Miss. 1986). Even though the manufacturer of a component of a car may not always be readily ascertainable, an injured party always has a remedy against the car manufacturer itself.

Moreover, Smith could have (and did) discover Autoliv's identity through discovery. Despite Smith's protestations that she had no reason to suspect that anyone other than Chrysler manufactured

the seatbelt, she asked, in her first set of interrogatories, for Chrysler to name "all corporate entities responsible for the manufacturing, testing and/or installing" the seatbelt. Here, Smith filed her lawsuit only two days prior to the expiration of the limitations period. Had she filed sooner, discovery would have been an effective way for her to discover any component manufacturers who may have contributed to the accident.

It may or may not have been difficult for Smith and her attorneys to prepare the suit any sooner than they did. But the length of a statute of limitations is for the legislature to decide. In *Stringer*, the Mississippi Supreme Court rejected an attempt to "equitably toll" a statute of limitations in the absence of any inequitable conduct by the defendant. *Stringer*, 748 So.2d at 665. As that court explained, "The establishment of these time boundaries is a legislative prerogative. That body has the right to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period. . . . Deficiencies, if such there should be, in statutes of limitation should be remedied by the legislature. It should not be the province or function of this court to intrude upon an area peculiarly within the channel of legislative action." *Stringer*, 748 So.2d at 665-66 (quoting *Smith v. Sneed*, 638 So.2d 1252 (Miss.1994)). Under Mississippi law, the fact that the "barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period." *Id.* at 665. We are bound to follow Mississippi law on this point, and therefore AFFIRM the summary judgment in favor of Autoliv.[3]

Smith also asks that we certify her equitable estoppel and fraudulent concealment arguments to the Mississippi Supreme Court. We decline to do so. Ordinarily, defendants who remove to

---

[3]Although we find in favor of Autoliv, we do not consider Smith's appeal frivolous, and therefore deny Autoliv's request for sanctions under FED. R. APP. P. 38.

federal court a case that falls within some statutory and constitutional grant of subject matter jurisdiction are entitled to a federal forum for the resolution of their defenses. *See Cohens v. Virginia*, 19 U.S. 264, 404 (1821) ("With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). We use certification largely to avoid situations in which abstention would otherwise be justified, such as when the resolution of a difficult issue of state law in a certain way might spare the need to address a lurking and complicated constitutional issue. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997) ("Certification today covers territory once dominated by . . . 'Pullman abstention.'"); *see Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941). In general, absent some exceptionally important or complicated state law question, "we are reluctant to certify." *Lipscomb v. Columbus Mun. Separate School Dist.*, 145 F.3d 238, 247 (5th Cir. 1998). Here, there are not exceptional circumstances that would justify certification. We therefore decline to do so.

AFFIRMED.