IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-10597
Summary Calender

TERRY L SMITH, SR

Plaintiff - Appellant

V.

US POSTAL SERVICE

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 3:93-CV-1509

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The United States Postal Service ("USPS") employed Terry Smith ("Smith") as a custodian from 1984 to 1992. Smith was dismissed for absence without leave and failure to perform the duties of his position. Smith appealed the dismissal to the Merit Systems Protection Board, which affirmed his discharge. In 1993, Smith filed a pro se complaint against USPS seeking $75 million in damages based on "service-connected disabilities" caused by the USPS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during his employment. Throughout the litigation, the defendant and the courts interpreted Smith's complaint as seeking relief for employment discrimination pursuant to Title VII, and Smith never challenged this interpretation. The only correct party of suit in a Title VII employment discrimination claim against the USPS is the Postmaster General. See 42 U.S.C. § 2000e-16(c); Montgomery v. U.S. Postal Serv., 867 F.2d 900, 902 (5th Cir. 1989). Smith filed suit against the USPS and never sought to amend his pleading. In February 1995, the district court granted USPS's Rule 12(b)(6) motion because Smith failed to name the proper party as defendant and entered a judgment dismissing Smith's suit with prejudice.

Eleven years later, in June 2006,[1] Plaintiff filed a "Motion to Revisit, Reverse, or Relief," concerning the dismissal of his employment discrimination suit against USPS. The district court properly treated the motion as a motion for relief from judgment under FED. R. CIV. P. 60(b). In his motion, Smith alleged that newly discovered documents show discrepancies between some of his time sheets and the evidence presented against him to justify his dismissal. He claimed that some of the documents presented to the Merit Systems Protection Board were fraudulent. Smith also continued to claim that he was discriminated against based on a physical disability. His motion did not address the reason why his suit was originally dismissed: failure to name the correct party. The district court denied his motion, finding it to be time barred. Even assuming the motion was timely, the district court found that Smith failed to show that the new evidence presented was not discoverable through due diligence, or that it would have produced a different result.

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. See Warfield v. Byron, 436 F.3d 551, 556 (5th Cir. 2006). "To

---

[1] Smith also filed a motion in February 2007, but the motion raises identical arguments to that filed in June 2006.

overturn the district court's denial . . . it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion." Id.

Rule 60(b) permits a losing party to seek relief from a judgment under a limited set of circumstances and within a limited period of time. Motions based on newly discovered evidence or fraud, reasons specifically identified in subsections 60(b)(2) and (b)(3), must be brought within one year of the final judgment. See FED. R. CIV. PROC. 60(c). Rule 60(b)(6) is a catch-all provision, allowing relief from a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A motion seeking relief under Rule 60(b)(6) need only be brought "within a reasonable time." However, the relief under Rule 60(b)(6) is not available if the motion is premised upon an enumerated ground found in clauses (1) through (5). See Liljeberg v. Health Serv's. Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988) (noting that clause (6) is mutually exclusive of clauses (1)-(5)). Smith's motion requested relief based on allegations of fraud and newly discovered evidence, specifically enumerated grounds under Rule 60(b)(2) and (b)(3). Therefore his motion was required to be filed within one year of judgment. The district court did not abuse its discretion in finding Smith's Rule 60(b) motion, filed some eleven years after judgment, to be untimely.

Accordingly, we AFFIRM the judgment of the district court.