**Annie WALKER, Personal Representative of the Estate of Ronald Walker, et al., Plaintiffs,**

v.

**PRINCE GEORGE'S COUNTY, et al., Defendants.**

**Civ. No. Y–86–3446.**

United States District Court, D. Maryland.

Aug. 18, 1987.

John G. Smith, Crofton, Md., Russell F. Canan and Karen M. Schneider, Washington, D.C., for plaintiffs.

Larnzell Martin, Jr., Co. Atty. and Michael O. Connaughton, Esq., Associate Co. Atty., Upper Marlboro, Md., for defendants Prince George's County, Michael J. Flaherty, and Steven F. Kane.

Larnzell Martin, Jr., Co. Atty. and Alan E. D'Appolito, Esq., Associate Co. Atty., Upper Marlboro, Md., for defendant Purcell O. Alston, Jr.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

### I. BACKGROUND

Ronald Walker was shot by officers of the Prince George's County Police Department on December 19, 1985 and died the next day. The plaintiffs, Walker's parents,

---

filed this suit alleging a violation of 42 U.S.C. § 1983, surviving state tort causes of action, and wrongful death.

Defendant Prince George's County has moved for summary judgment, contending that it has not waived its governmental immunity and is therefore immune from suit. Its motion is based on the Maryland Court of Appeals' responses to questions certified by the United States District Court in *Prince George's County v. Fitzhugh*, 308 Md. 384, 519 A.2d 1285 (1987).[1]

## II. SECTION 1013

The history of governmental immunity in Prince George's County was reviewed thoroughly in *Fitzhugh* and need not be repeated here. Most pertinent to this case are the 1982 and 1986 amendments to the section, both of which attempt to limit the county's waiver of immunity to those cases in which county officers, agents, or employees have no public official or other individual immunity.

### A. *The 1982 Version*

As amended in 1982, the section provided in part that

The County may be sued in action sounding in tort for which its officers, agents, and employees may be liable, by actions filed in the courts of the State of Maryland, or in the United States District Court for the District of Maryland, with a maximum liability of Two Hundred Fifty Thousand Dollars ($250,000) per individual, per occurrence, to the extent of its liability insurance, whichever may be greater.

The validity of this amendment was challenged in the *Fitzhugh* case, which was tried in the spring of 1986 with questions certified shortly thereafter. The first certified question asked whether the 1982 amendment to § 1013 was inconsistent with Art. 25A, § 5(CC) of the Express Powers Act, and the Court of Appeals held that it was because it did not fully waive the county's immunity. The second question asked whether § 1013 should be applied without the amendment or invalidated in its entirety. The Court of Appeals noted that the parties had addressed the second question as "though it involves a question of severability," but did not reach that issue. 308 Md. at 394–5, 519 A.2d 1285. It held that it was immaterial whether the offending provision was severed or whether the entire section was invalidated, because in either case § 1013 would read as it did in 1976, fully waiving the county's immunity from suit.

### B. *The 1986 Version*

While the questions certified in *Fitzhugh* were pending, Prince George's County amended § 1013 again in a referendum on November 4, 1986. The 1986 version read:

Section 1013. GOVERNMENTAL IMMUNITY

The County may be sued in actions sounding in tort only for those occurrences for which its officers, agents, and employees may be liable, by actions filed in the courts of the State of Maryland, or in the United States District Court for the District of Maryland, with a maximum liability of Two Hundred Fifty Thousand Dollars ($250,000) per individual, per occurrence, to the extent of its insurance coverage, whichever may be greater. The County shall carry liability insurance to protect itself, its officers, agents, and employees. Nothing herein shall preclude the County from meeting the requirements of this section by a funded self-insurance program, and nothing herein shall be deemed to be a waiver of any charitable, governmental, or sovereign immunity which any officer,

1. The two questions certified were:
   1. Was the amendment made to section 1013 of the Prince George's County Charter on November 2, 1982, valid under the Express Powers Act, Art. 25A, section 5, of the Maryland Code, so that the liability of the County in tort actions brought against it for acts of its officers, agents, and employees is now limited to cases where the officers, agents, and employees would themselves be liable?
   2. If the 1982 amendment to the County Charter is not valid as a restrictive waiver of governmental immunity, should the Court apply section 1013 without the amendment, or should it hold that section 1013 in its entirety is no longer effective?

agent, or employee shall otherwise have, by reason of any Statute of the United States of America, public general law of the State of Maryland, or common law as determined by the Courts of the State of Maryland. The sentences, clauses, or phrases of this section shall not be severable. If any such sentence, clause, or phrase of this section is declared unconstitutional or invalid for any reason, then it is intended and declared by the people of the County that the entire section be declared invalid.

SECTION 2. BE IT FURTHER ENACTED that the amendment hereby proposed shall be binding on all cases in which a judgment has not been entered as of the date of adoption of the amendment.

Because the substantive provisions of the 1982 and 1986 versions of § 1013 are identical, there is no question that under *Fitzhugh* the 1986 version is also inconsistent with § 5(CC) and therefore invalid. However, the nonseverability provision added by the 1986 amendment raises several questions about the consequences of that invalidity.

## III. ANALYSIS

### A. *Applicable Immunity*

Initially, the Court notes that Maryland courts are to apply immunity as it existed at the time the plaintiff's cause of action accrued. *See Washington Suburban Sanitary Commission v. Riverdale Heights Volunteer Fire Co.*, 308 Md. 556, 520 A.2d 1319 (1987), which suggests that, absent a retroactive waiver of immunity, courts should apply immunity as it existed at the time the cause of action accrued. *Id.* at 562, 520 A.2d 1319.

The 1982 version of § 1013 was in effect at the time Walker was shot and the causes of action asserted by plaintiffs accrued, but

in *Fitzhugh* the Court of Appeals held that version invalid and concluded that the full waiver of immunity adopted in 1976 remained in effect notwithstanding the 1982 amendment. Therefore, under the reasoning of *Riverdale Heights Volunteer Fire Co.*, the county cannot assert its immunity in this case unless it can show that it retroactively regained full immunity under the 1986 version of § 1013.[2]

### B. *The Nonseverability Provision*

■ Although the county has not fully articulated its position, it seems to argue that § 1013's nonseverability provision, in light of the *Fitzhugh* decision, completely invalidated all previous versions of § 1013. Therefore, the county argues, it has regained full governmental immunity.

The plaintiffs dispute this interpretation of the nonseverability provision, contending that the amendment does not have the effect of completely invalidating the county's waiver of immunity. Rather, they argue, the nonseverability provision was intended only "to invalidate Section 1013 as amended and thereby revert back to the language of Section 1013 prior to any amendment, i.e. to the language by which it was first enacted in 1970."

The county's immunity turns on the interpretation of the phrase "the entire section" in the 1986 versions of § 1013. That version provides that if any part of the section is declared invalid or unconstitutional, "then it is intended and declared by the people of the County that *the entire section* be declared invalid" (emphasis added). The most plausible interpretation of this phrase is that it was intended to invalidate § 1013 in its entirety, not merely the 1986 version. There is simply no other reason for the addition of the nonseverability provision. Had one of the substantive provisions[3] of the 1986 amendment been

---

**2.** Counties may retroactively reclaim their immunity just as they may retroactively waive it, and the same principles of statutory interpretation apply in either case.

**3.** These provisions were: (1) a limitation of the county's tort liability to those occurrences in which its officers, agents, or employees had no

immunity as public officials; (2) a limitation of liability to $250,000 per individual per occurrence or the extent of insurance coverage; (3) a provision requiring insurance; and (4) a provision expressly disclaiming any further waiver of immunity held by its officers, agents, and employees.

severed, the only possible result would have been a broader waiver of immunity. This was clearly a result the county intended to avoid by amending the statute and adding the nonseverability provision.

The Court also notes that the 1986 amendment to § 1013 was adopted by Prince George's County voters on November 4, 1986, well after the question about the "severability" of part of § 1013 was certified in *Fitzhugh,* 308 Md. at 394–5, 520 A.2d 1319. The timing of the 1986 amendment corroborates the Court's conclusion that it was intended to ensure that the invalidation of part of § 1013 would not have the effect of broadening the county's waiver of immunity.[4]

### C. *Retroactivity of the 1986 Amendment*

Having concluded that the invalidity of the 1986 amendment invalidates § 1013 in its entirety and restores its full governmental immunity, the Court must determine whether that immunity is restored retroactively. In making this determination, several principles can be distilled from the Court of Appeals' recent decision in *Riverdale Heights Volunteer Fire Co.* There, the court was interpreting a statute granting limited immunity to fire and rescue companies for acts committed while performing their duties. It held that statutes are presumed to operate prospectively, and that this presumption will be rebutted only where there are clear expressions in the statute to the contrary. 304 Md. at 560–61, 520 A.2d 1319. This presumption would apply to statutes waiving immunity as well as statutes conferring or reclaiming immunity.

Section 2 of the 1986 amendment to § 1013 specified that it was binding on all cases in which a judgment has not been entered as of the date of adoption of the amendment. Clearly, Section 2 was intended to give § 1013 retroactive operation, and this Court concludes that this retroactivity should extend to all of § 1013's provisions. Therefore, the nonseverability clause will be given retroactive effect and the county's governmental immunity deemed to be restored in all cases in which judgment was not entered as of November 4, 1986. Obviously, that includes the instant case.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Prince George's County may assert its governmental immunity from suit on the state tort claims in counts III and IV. Accordingly, the county's motion for summary judgment will be granted as to those counts.

---

**4.** This conclusion may appear to conflict with that of the Court of Appeals in *Fitzhugh.* There, having found that the 1982 version of § 1013 was invalid, the court held that the 1976 version of § 1013 applied and the county's governmental immunity remained fully waived. However, in *Fitzhugh* the Court of Appeals expressly did not review the 1986 version of § 1013 and its nonseverability provision. This Court concludes that, had the *Fitzhugh* court had an opportunity to review the nonseverability provision, it would also have determined that the provision was added to ensure that invalidation of the limited waiver of the 1982 and 1986 versions of § 1013 would not result in the restoration of a complete waiver of immunity.