Thomas E. BATES, Plaintiff–Appellant,

v.

TENNESSEE VALLEY AUTHORITY and Orvis Engelstad, Director, Division of Agricultural Development, Defendants–Appellees.

No. 87–7626.

United States Court of Appeals, Eleventh Circuit.

Aug. 10, 1988.

John R. Benn, Florence, Ala., for plaintiff-appellant.

Thomas F. Fine, Justin M. Schwamm, Sr., Helen Hickey de Haven, Tennessee Valley Authority, Knoxville, Tenn., for defendants-appellees.

Before HATCHETT and EDMONDSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

HATCHETT, Circuit Judge:

In this Title VII action, the appellant sought to add the proper parties to his lawsuit after the expiration of the limitations period for filing suit. Applying *Schiavone v. Fortune*, 106 S.Ct. 2379 (1986), we affirm the district court's ruling denying the amendment.

## FACTS

The appellant, Thomas E. Bates, is an employee of the Tennessee Valley Authority (TVA). Appellee, Engelstad, is the director of the TVA division in which Bates is employed. In 1983, Bates filed suit with the EEOC alleging that TVA and Engelstad discriminated against him on the basis of race. The EEOC denied relief on April 22, 1987, and on May 21, 1987, Bates filed a complaint in the District Court for the Northern District of Alabama against TVA and Engelstad, thereby complying with the statutory requirement that a litigant file a Title VII complaint in the district court within thirty days after the EEOC decision. 42 U.S.C. § 2000e–16(c).

On August 6, 1987, TVA and Engelstad filed motions to dismiss asserting that neither was a "head of the department, agency, or unit ..." under that portion of 42 U.S.C. § 2000e–16(c) which delineates the proper parties in Title VII actions. On August 17, 1987, Bates filed a motion to amend his complaint to add the proper parties, TVA Board members Charles H. Dean, Jr. and John B. Waters (Board members). On October 6, 1987, the district court dismissed TVA and Engelstad and denied Bates's motion to amend his complaint to add the Board members as defend-

---

* Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designa-tion.

ants. The Board members have not filed any motions or pleadings in this action.

This appeal tests the district court's ruling denying the right to amend and granting dismissal.

## DISCUSSION

### Motion to Dismiss TVA and Engelstad

■ The controlling statute in this case is 42 U.S.C. § 2000e–16(c) which states:

> Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission ..., an employee or applicant for employment ... may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Bates filed a complaint naming TVA and Engelstad as defendants within the thirty-day time limit. Neither TVA nor Engelstad, however, fit the statutory requirement that the civil action be against "the head of the department, agency, or unit." The TVA is headed by a three-member board of directors. Accordingly, the district court correctly dismissed TVA and Engelstad because they were not proper parties under 42 U.S.C. § 2000e–16(c).

### Motion to Add Board Members

Before the district court dismissed TVA and Engelstad, but more than thirty days after receipt of the EEOC notice, Bates moved to add the Board members as proper parties. The district court denied the motion. The decision of the district court denying leave to amend will not be reversed absent an abuse of discretion. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986); *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148, 1153 (5th Cir. 1981) (binding).

Although the motion to amend came after the thirty-day time limit had expired, the delay was not fatal for jurisdictional purposes. The Supreme Court and this circuit are consistent in holding that the time limitations within Title VII are not jurisdictional. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Ross v. U.S. Postal Service*, 814 F.2d 616 (11th Cir.1987); *Miller v. Marsh*, 766 F.2d 490 (11th Cir.1985); *Milam v. United States Postal Service*, 674 F.2d 860 (11th Cir. 1982). *See also Boddy v. Dean*, 821 F.2d 346, 350 (6th Cir.1987); *Jarrell v. United States Postal Service*, 753 F.2d 1088 (D.C. Cir.1985); *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir.1984); *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982). Instead of a jurisdictional requirement, the thirty-day time limit is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes* 455 U.S. at 393, 102 S.Ct. at 1132. Our holding in this case does not impact upon this long-standing rule.

■ Although Bates urged relief based on equitable tolling in this court, he did not do so in the district court. In the absence of the equitable tolling issue being properly before this court, the case involves only the right to amend under the circumstances of this case.

■ The relevant legal requirements for an amendment to a complaint are found in Federal Rule of Civil Procedure 15. Rule 15(c) authorizes amendments which "relate back" to the original complaint.[1] The four prerequisites to a "relation back" amendment under rule 15(c) are: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party

1. Bates also argues that he should be allowed to amend his complaint as a matter of course because the defendants had not yet filed a "responsive pleading." Fed.R.Civ.P. 15(a); *McClellan v. Mississippi Power and Light Co.*, 526 F.2d 870, 873 (5th Cir.1976), *vacated on other grounds*, 545 F.2d 919 (5th Cir.1977). We agree that appellee's motion to dismiss was not a responsive pleading under rule 15(a). *McClellan*, 526 F.2d at 872 n. 2. Nevertheless, we will not allow an amendment under 15(a) in direct contradiction of rule 15(c)'s more specific requirement that the amendment "relate back" to the original complaint once the limitations period has run.

must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed. 2d 18 (1986).

The fourth element requires that a court consider whether a party to be added was on notice within the limitations period. In this case, the Board members did not receive notice of Bates's allegations until the thirty-day limitations period had run. Because the second and fourth elements of *Schiavone* went unsatisfied, thereby barring a rule 15(c) relation back amendment, the district court properly denied the motion to amend. *See Gonzales v. Secretary of the Air Force,* 824 F.2d 392, 396 (5th Cir.1987); *Cooper v. U.S. Postal Service,* 740 F.2d 714, 717 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

■ Even if Bates had raised equitable tolling, it would have not changed the result in this case. Because the district court correctly denied Bates's motion to add parties, on the basis of *Schiavone,* the issue of equitable tolling was irrelevant. Only with the Board members properly in this case could Bates have benefited from equitable tolling.[2]

■ Bates also argues that *Schiavone* is inapposite because it did not involve a federal defendant. The second paragraph of rule 15(c) states that the requirement that the proper defendant be on notice before the period of limitation expires is satisfied if the plaintiff serves process on the United States Attorney. We construe this paragraph to mean that a plaintiff must serve the United States Attorney within the applicable limitations period in order to

satisfy the requirement that the proper federal defendant be on notice within that period. *See Cooper v. U.S. Postal Service,* 740 F.2d 714, 717 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). Because Bates did not serve the United States Attorney until August 17, 1987, well after the thirty-day period had run, rule 15(c) provides no relief.

Accordingly, the order of the district court is affirmed.

AFFIRMED.

---

2. Bates's claim that the period tolled because appellee's payment of disparate wages is a continuing violation of Title VII is unavailing. A continuing violation tolls the period in which a plaintiff may pursue administrative remedies. The thirty-day time limit for filing court action is tolled only by failure to receive a Right to Sue letter, misrepresentations of the agency, or other administrative obstacles.

Our holding that the district court properly denied amendment renders spurious Bates's argument that only the proper parties (Board members) could raise the statute of limitations bar bringing into issue equitable tolling. Obviously, the Board members will never be parties in this lawsuit. Perhaps, in a new lawsuit the equitable tolling issue may be reached.