873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Poe; Edna Poe, Plaintiffs-Appellants,
v.
PRINCE GEORGE'S COUNTY, MARYLAND, Defendant-Appellee,
and
John L. Riley, Jr.; Archie D. Joiner, Jr., Defendants.
Ali ABBAS, individually, and as Father, Mother, Guardian,
and next best friend of Zainab Abbas and Adnan Abbas; Laila
Abbas, individually, and as Father, Mother, Guardian, and
next best friend of Zainab Abbas and Adnan Abbas, Plaintiff-Appellants,
v.
PRINCE GEORGE'S COUNTY GOVERNMENT; John A. Bartlett,
Defendants-Appellees.
 Nos. 88-3536(L), 88-3915.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1989.
Decided: April 14, 1989.
Rehearing Denied May 22, 1989.
 
 Melissa Rhea (Robert Cadeaux, Cadeaux & Taglieri, P.C., on brief); Felix B. Otchere, Sr. (Otchere & Thompson, on brief), for appellants.
 Michael Owen Connaughton (Michael P. Whalen, Steven M. Gilbert, on brief), for appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated cases, appellants David and Edna Poe and Ali Abbas, et al., appeal the district courts' grants of summary judgment on various state tort claims in favor of Prince George's County. Both Poe and Abbas contend that because the county's partial waiver of sovereign immunity was declared invalid by the Maryland courts in Prince George's County v. Fitzhugh, 519 A.2d 1285 (Md.1987), the 1976 version of Section 1013 of the county charter, which fully waived sovereign immunity, should be invoked. The district courts, however, held that the non-severability clause of the 1986 amendment to the county charter required reinstatement of the county's original common law immunity. We affirm the judgments of the district courts.
 
 I.
 
 2
 All claims in these cases have their genesis in alleged police misconduct by members of the Prince George's County Police Department. Appellant Poe was mistaken for a suspect in a purse snatching incident and alleges the police used unnecessary force in apprehending him. Appellants Abbas allege that they called for police assistance during a gang attack on Zainab Abbas and that officers who arrived at the scene beat appellants Adnan and Zainab Abbas and threatened and verbally abused appellants Ali and Laila Abbas.
 
 
 3
 Both Abbas and Poe brought claims under state tort law and under 42 U.S.C. Sec. 1983 against the individual officers and against Prince George's County. Prince George's was granted summary judgment or a directed verdict on all state and federal claims brought by Poe and Abbas. Juries found in favor of the police officers on various state tort claims brought by Poe and Abbas.
 
 II.
 A.
 
 4
 In 1970, Prince George's County adopted a charter form of government, pursuant to Art. XI-A of the Maryland Constitution. Section 1013 of that charter addressed the county's sovereign immunity from suit. Since 1970, Section 1013 has undergone several modifications. A 1976 modification of Section 1013 was found in James v. Prince George's County, 418 A.2d 1173 (Md.1980), to fully waive governmental immunity. Apparently in response to James, a new version of Section 1013 was adopted in 1982, which attempted to limit the county's waiver of immunity to tort actions in which county officers, agents, or employees do not possess public official or any other sort of individual immunity. In Prince George's County v. Fitzhugh, 519 A.2d 1285, 1290 (Md.1987), the Maryland Court of Appeals found this partial immunity to be invalid under the state's Express Powers Act, Art. 25A, sections 4 and 5(CC). While the Fitzhugh case was pending, a 1986 charter amendment was approved by referendum.
 
 
 5
 Appellants claim that the partial waiver of immunity in 1982 has been found invalid and that the 1976 version of Section 1013, which fully waives the county's common law immunity, must therefore govern. We think appellants' position ignores the plain language of the non-severability provision. The 1986 charter amendment states that "[t]he sentences, clauses, or phrases of this section [1013] shall not be severable. If any such sentence, clause, or phrase of this section is declared unconstitutional or invalid for any reason, then it is intended and declared by the people of the County that the entire section be declared invalid." No language could be clearer. Provision is made for invalidation of the entire section in the event one part of it should succumb.
 
 
 6
 The district court in Poe noted that this language was included in anticipation of Fitzhugh, which was pending at the time the amendment was passed. It seems apparent that Prince George's was aware that the Maryland Court of Appeals might reject the attempt to limit its waiver of immunity. See Walker v. Prince George's County, 667 F.Supp. 1103, 1106 (D.Md.1987). The court in Fitzhugh did, in fact, reject Prince George's attempt at a partial waiver of immunity, and the non-severability provision of Section 1013 thus required that the entire waiver be revoked.
 
 B.
 
 7
 The Abbas appellants claim the district court abused its discretion in reading a corrected jury instruction and in responding to a jury question. Neither contention has merit. Trial courts may act to dispel jury confusion. There was no showing that any instruction in this trial was incorrect or that appellants suffered prejudice of any kind.
 
 
 8
 The Poe appellants argue that the 1986 charter amendment unconstitutionally delegated legislative power to the judiciary. This argument was not raised below, and its insubstantiality is in any event apparent.
 
 The judgments of the district courts are
 
 9
 AFFIRMED.