880 F.2d 797
 50 Fair Empl.Prac.Cas. 629,
50 Empl. Prac. Dec. P 39,179, 14 Fed.R.Serv.3d 373
 Joyce GARDNER, Plaintiff-Appellant,
v.
Jerald B. GARTMAN, Commanding Officer, Naval Aviation Depot,
Marine Corps Air Station, Cherry Point, North Carolina;
Thomas Mattocks, Supervisor, Rotorblade Rework Shop, Naval
Aviation Depot, Marine Corps Air Station, Cherry Point,
North Carolina, individually, and in his capacity as
Supervisor; United States of America, Defendants--Appellees.
 No. 89-2607.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 7, 1989.
Decided July 27, 1989.
 
 David Peter Voerman, New Bern, N.C., for plaintiff-appellant.
 David E. Kirkpatrick (Thomas P. Swaim, Asst. U.S. Atty., Civil Section on brief), for defendants-appellees.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Joyce Gardner appeals a ruling by the District Court for the Eastern District of North Carolina denying her motion to amend her complaint and join the Secretary of the Navy, William L. Ball III, as a party, and she also appeals the dismissal of her complaint because she failed to name the Secretary, as necessary party in this sex discrimination action pursuant to 42 U.S.C. Sec. 2000e-16(c), within the thirty day limitations period provided by that statute. We find that the required notice was not given to the Secretary during the applicable time period, and we affirm the district court.
 
 
 2
 Joyce Gardner is employed by the Department of the Navy at the Naval Aviation Depot, Marine Corps Air Station located in Cherry Point, North Carolina. On October 6, 1987, she filed a formal complaint of sex discrimination with her employer. After an investigation, the Naval Depot proposed a settlement agreement which Gardner rejected. Jerald Gartman, the commanding officer of the Naval Depot, then dismissed her complaint pursuant to 29 C.F.R. Sec. 1613, 215(a)(7). On April 22, 1988, a Notice of Final Decision dismissing her formal complaint was sent to Gardner and received by her on April 25, 1988. On May 25, 1988, Gardner filed the present action claiming sex and race discrimination in the district court, naming Gartman, Thomas Mattocks, (Gardner's supervisor) and the United States as defendants.
 
 
 3
 On August 1, 1988, the defendants filed motions to dismiss and in the alternative for summary judgment, and one of the grounds was Gardner's failure to name Secretary of the Navy William L. Ball III as a necessary party as required by 42 U.S.C. Sec. 2000e-16(c). On September 8, Gardner filed a motion to amend her complaint and join Ball. However, on December 15, 1988, the district court denied Gardner's motion and dismissed the action.
 
 
 4
 Section 2000e-16(c) of Title 42 United States Code requires a person complaining of race or sex discrimination to file any civil action within thirty days of receipt of notice of final agency action, and the statute specifically states that "the head of the department, agency or unit, as appropriate, shall be the defendant." Id. Therefore, under the terms of the statute, Gardner had to file suit against the head of the United States department for which she worked. Since she worked for the Navy, she was required to name the Secretary of the Navy.
 
 
 5
 Although Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a complaint may relate back to the filing date of the original complaint, a rather strict test applies when a plaintiff seeks to relate back the joinder of a party. In Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court enunciated a four-pronged test for determining whether relation back of joinder of a party should be permitted. The four elements of the test are:
 
 
 6
 (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.
 
 
 7
 Id. at 29, 106 S.Ct. at 2384. The issue in the instant case is whether the fourth prong was met--that of notifying the proper party of the suit within the prescribed limitations period.
 
 
 8
 We have held that an originally unnamed party must be given notice of the suit within the limitations period for his later joinder to relate back to the original filing date of the complaint. Weisgal v. Smith, 774 F.2d 1277 (4th Cir.1985). Gardner argues that since she named some government officials plus the United States in the suit filed within the 30 day limitations period, Secretary Ball was on notice of the suit within the prescribed limitations period. However, other circuits have clearly held that the naming of one government party or the wrong government official does not place the proper government party or official on notice of the suit. In Bell v. Veterans Administration Hospital, 826 F.2d 357 (5th Cir.1987), the plaintiff named the hospital as the defendant in his sex harassment suit, but the court concluded that the proper party was the Administrator of Veterans Affairs and refused to permit relation back of his joinder even though the administrative hearings had put the Administrator on notice of a potential suit. In Bates v. Tennessee Valley Authority, 851 F.2d 1366 (11th Cir.1988), the only named defendants were the TVA and the director of plaintiff's division and relation back to the date of the original complaint was not permitted to join the necessary TVA board members as defendants. See also Williams v. Army and Air Force Exchange Service, 830 F.2d 27 (3rd. Cir.1987), (Schiavone does not permit relation back of motion to join Secretary of Defense nor may knowledge be imputed from named defendant to the Secretary); Cooper v. United States Postal Service, 740 F.2d 714 (9th Cir.1984), cert. denied, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985), (where Postmaster General was not named within the period of limitations, relation back of a motion to join him was not permitted).
 
 
 9
 We agree that relation back of the motion to join the Secretary of the Navy is not permitted in this case. The language of the 42 U.S.C. Sec. 2000e-16(c) is clear; the head of the department for which the plaintiff works is the proper defendant in a sex or race discrimination suit. Since Gardner works for the Department of the Navy, the Secretary of the Navy is the proper party. Notice was not given to the Secretary during the applicable time period and there can be no relation back for purposes of amending Gardner's complaint to join the Secretary as a party. The district court was correct in denying Gardner's motion to amend her complaint and in dismissing the action.
 
 
 10
 AFFIRMED.