894 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth E. CAMPBELL, Sr., Plaintiff-Appellant,
v.
DEPARTMENT OF the NAVY; Commander: Charleston Naval
Shipyard; Eugene K. Cave; Andrew B. Graham,
Defendants-Appellees.
 No. 88-3662.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 1, 1989.
Decided: Jan. 11, 1990.
Rehearing and Rehearing In Banc Denied Feb. 5, 1990.
 
 Julius Levonne Chambers, Charles Stephen Ralston, Napoleon B. Williams, Jr., on brief, for appellant.
 E. Bart Daniel, United States Attorney; John H. Douglas, Assistant United States Attorney, on brief, for appellees.
 Before ERVIN, Chief Judge, and DONALD RUSSELL and WIDENER, Circuit Judges.
 PER CURIAM:
 
 I.
 
 1
 Kenneth E. Campbell appeals the judgment of the district court for the District of South Carolina dismissing his Title VII case against the Department of the Navy. The district court dismissed the case because Campbell failed to name the Secretary of the Navy as a defendant. We find that Gardner v. Gartman, 880 F.2d 797 (4th Cir.1989), controls this case and affirm because Campbell failed to sue the Secretary of the Navy within the thirty-day limitations period.
 
 II.
 
 2
 Campbell is an engineer with the Department of the Navy. He filed a complaint for administrative relief with the Department alleging that he was denied a temporary promotion because he was black. He received a letter on March 7, 1988, notifying him that administrative relief was denied. On March 25, 1988, he filed this suit naming the Department of the Navy, the Commander of the Charleston Naval Shipyard, and two Department officials as defendants. He served the Secretary of the Navy on or about April 20, 1988. The government moved to dismiss the suit claiming that Campbell failed to comply with 42 U.S.C. Sec. 2000e-16(c). Campbell objected to the motion pointing out that the Secretary was served with a summons and complaint.
 
 III.
 
 3
 Campbell perhaps failed to understand that the problem in this case is that the Secretary was not served within the thirty-day limitations period provided in the statute. The district court thus construed Campbell's objection as a motion under Fed.R.Civ.P. 15(c) to amend the complaint and have the amendment relate back to the date he filed suit. The court concluded, however, that in order for an amendment substituting a proper party to relate back, the party must receive notice of the suit prior to the expiration of the applicable statute of limitations. See Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Because the Secretary did not receive notice before the expiration of the limitations period, the court dismissed the case.
 
 IV.
 
 4
 In this appeal Campbell claims that Congress did not intend for actions to be dismissed merely because a plaintiff sues a federal agency or department rather than the head of the department. He also argues that he did not sue the wrong defendant but merely misidentified the proper defendant in the summons and the complaint.
 
 
 5
 This court recently addressed the issues in this case in Gardner v. Gartman, 880 F.2d 797 (4th Cir.1989). In Gardner, the plaintiff, an employee of the Department of the Navy, filed suit alleging sex and race discrimination. She named the commanding officer of the Naval Department, her supervisor, and the United States as defendants. In response to a motion to dismiss, she sought to amend her complaint to name the Secretary of the Navy as required by 42 U.S.C. Sec. 2000e-16(c). This court held that 42 U.S.C. Sec. 2000e-16(c) clearly states that the head of the department is the proper defendant. It also found that "the naming of one government party or the wrong government official does not place the proper government party or official on notice of the suit." Id., citing Bell v. Veterans Administration Hospital, 826 F.2d 357 (5th Cir.1987), petition for cert. filed (Oct. 10, 1989); Bates v. Tennessee Valley Authority, 851 F.2d 1366 (11th Cir.1988), cert. denied, 109 S.Ct. 3157 (1989); Williams v. Army and Air Force Exchange Service, 830 F.2d 27 (3d Cir.1987); Cooper v. United States Postal Service, 740 F.2d 714 (9th Cir.1984), cert. denied, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).
 
 V.
 
 6
 Campbell, in effect, asks this court to overrule Gardner by arguing that Congress did not intend for actions to be dismissed merely because a plaintiff sues a federal agency or department rather than the head of the department. This panel, however, has no authority to overturn Gardner. Only an en banc court can overturn a panel holding. United States v. Guglielmi, 819 F.2d 451, 457 (4th Cir.1987), cert. denied, 484 U.S. 1019, 108 S.Ct. 731, 98 L.Ed.2d 679 (1988). For the reasons stated in Gardner, the district court judgment is
 
 
 7
 AFFIRMED.