Lawrence McKENZIE, III, Plaintiff,

v.

EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION/CHARLOTTE DIS-
TRICT OFFICE and Ed. R. Elkins, Di-
rector; Robert Amoruso, Director;
Lynn Bruner, Director; William Ferry,
Compliance Manager; J.D. Yorker,
EOS Supervisor; and Virginia Pagan,
EOS Supervisor, Defendants.

No. C–C–90–21–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 12, 1990.

Lawrence McKenzie, III, Charlotte, N.C.,
for plaintiff.

James M. Sullivan, Asst. U.S. Atty.,
Charlotte, N.C., for defendants.

MEMORANDUM OF DECISION
AND ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on
the Government's motion, filed July 17,

1990, to dismiss this matter. Plaintiff filed a response on August 22, 1990.

The record in this case indicates that Plaintiff was employed by the Equal Employment Opportunity Commission (EEOC) in Charlotte, North Carolina as an Equal Opportunity Specialist. A hearing was conducted by an administrative judge on December 9, 1987 to consider whether Plaintiff's discharge by the EEOC was justified. The administrative judge found that Plaintiff's work product was unacceptable despite efforts by the EEOC to afford Plaintiff a reasonable opportunity to improve his performance, and that Plaintiff's discharge did not constitute disparate treatment based on race or retaliation for filing previous grievances. *See The Government's Motion to Dismiss, Exhibit A,* filed July 17, 1990, at 299–300. Plaintiff filed a timely appeal with the United States Merit Systems Protection Board (hereinafter "the Board"). On December 20, 1989, the Board affirmed the decision of the administrative judge.

Plaintiff filed a pro se complaint with this Court alleging a violation of Title VII (codified at 42 U.S.C. § 2000e et seq.) on January 19, 1990. Although the EEOC and its various employees were named as Defendants, Plaintiff failed to name the former or current chairman of the EEOC. Plaintiff did not serve any named Defendant or the United States Attorney for the Western District of North Carolina with a copy of the complaint. On May 18, 1990, Plaintiff filed an amended complaint naming the same Defendants. On the same day, the United States Attorney was served by Plaintiff with the amended complaint and an attached copy of the original complaint. The Charlotte District Office of the EEOC was served with the same pleadings on May 21, 1990.

The Government filed the motion to dismiss on July 17, 1990. The Government contends that 42 U.S.C. § 2000e–16(c) requires the "head of the department, agency, or unit" be named in a Title VII suit. As indicated above, Plaintiff failed to name the Chairman of the EEOC. Moreover, the action must be filed in the appropriate district court no later than thirty calendar days after receipt of the final order by the plaintiff or his representative. *See* 5 U.S.C. § 7703(b)(2). Thus, the statutory period for filing the complaint expired on January 25, 1990. Furthermore, the Government contends that Plaintiff is estopped from amending the complaint a second time to name the EEOC Chairman because he failed to serve the Government with the original complaint within the 30–day limitations period. *See* Rule 15(c) of the Federal Rules of Civil Procedure. Therefore, the Government argues that Plaintiff's complaint is fatally defective and that the defect can not be cured.

The Government does not specifically state upon which rule it relies in moving to dismiss this action. The Fourth Circuit in a similar case has held that the 30–day time limit of 5 U.S.C. § 7703(b)(2) is not a subject matter jurisdiction requirement. *See generally Johnson v. Burnley,* 887 F.2d 471, 474–79 (4th Cir.1989); *but see Hilliard v. United States Postal Service,* 814 F.2d 325, 327 (6th Cir.1987) (holding that 30–day time limit is a subject matter jurisdictional requirement); *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986) (per curiam) (same); *King v. Dole,* 782 F.2d 274, 275–77 (D.C.Cir.) (same); *cert. denied,* 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed.2d 126 (1986). Instead, the 30–day time limit is equivalent to a statute of limitations subject to equitable tolling, estoppel or waiver. *Id.* Therefore, the motion to dismiss in this case is properly before the Court as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In bringing a Rule 12(b)(6) motion, the movant carries the burden of proof to show that the plaintiff has failed to state a claim upon which relief can be granted. *See 2A Moore's Federal Practice,* 12.07 at 12–63 (Matthew Bender 1989) (hereinafter *"Moore's"*). The Court is required to presume all factual allegations of the complaint to be true. *Id.* All reasonable inferences are made in favor of the non-moving party. *Id.* The Court should deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the

Plaintiff can prove no set of facts in support of his claim which would entitle him to relief". *Id.* at 12–65 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)), *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■■■ A motion for failure to state a claim can be raised when the time alleged in the complaint shows that the action was not brought within the applicable statute of limitations. *See Moore's* at 12–85. However, where the defect does not appear on the face of the complaint, the motion to dismiss must be denied unless affidavits or other material is presented to the Court. *Id.* at 12–87. In such a case, the motion should be treated as a motion for summary judgment pursuant to the applicable provision of Rule 12(b). If a question of fact exists as to the defense, the issue cannot be determined on affidavits. *See Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis*, 706 F.2d 638 (5th Cir.1983).

■■ In this case, the Court believes that the complaint on its face fails to state a claim for which relief may be granted. It is abundantly clear to the Court that 42 U.S.C. § 2000e–16(c) and 5 U.S.C. § 7703(b)(2) required Plaintiff to name the Chairman of the EEOC as a Defendant in this case. Plaintiff failed to comply with this statutorily mandated requirement.

Moreover, the Court does not believe that Plaintiff can now amend the complaint. Rule 15 of the Federal Rules of Civil Procedure provides:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

A Title VII action against an agency head of the Government must be filed in the appropriate United States District Court within 30 days after the receipt of the final order from the Merit Systems Protection Board. In this case, the action naming the EEOC chairman should have been filed by January 26, 1990.

■■ The Court concludes that an amendment to the complaint naming the EEOC Chairman can not relate back to the date of the original complaint. In order for the amended complaint to relate back in this case pursuant to Rule 15(c), notice should have been given to the EEOC Chairman that the original complaint was filed. *See Rule 15(c)(2) of the Federal Rules of Civil Procedure.* Plaintiff is unable to demonstrate such notice was given. Plaintiff did not serve the EEOC or the United States Attorney until May 18, 1990—almost five (5) months after the statutory limitation period. Thus, the Chairman of the EEOC had no means available for ascertaining that this action had been filed until the United States Attorney was served on May 18, 1990 and the agency was served on May 21, 1990.

The Fourth Circuit Court of Appeals has held that failure to amend a complaint within the 30–day time limit of 5 U.S.C. § 7703(b)(2) will necessitate dismissal under most circumstances. *See Johnson*, 887 F.2d at 479.

In a remarkably similar case to the case presently before this Court, the Fourth Circuit held that a plaintiff could not amend her complaint to name an agency head as required by 42 U.S.C. § 2000e–16(c). *See Gardner v. Gartman,* 880 F.2d 797, 798 (4th Cir.1989). In the *Gardner* case, the plaintiff in a sex discrimination suit named various employees on the United States Navy, but failed to name the Secretary of the Navy; the appropriate department head. *Id.* After the Government moved to dismiss, the plaintiff attempted to amend her complaint several months after the filing date of the original complaint. *Id.* The district court held that the plaintiff had failed to provide the Secretary of the Navy with notice of the pending suit prior to attempting to amend her complaint. *Id.* at 799. Thus, the amendment could not relate back to the filing date of the original complaint. *Id.* Accordingly, the district court held that the action should be dismissed for failure to meet the 30–day time limit.

■ The Fourth Circuit affirmed the decision of the district court. The naming of some governmental officials plus the United States in the suit filed within the 30 day limitations period did not place the Secretary of the Navy on notice within the prescribed limitations period. *Id.* The Fourth Circuit stated, "[T]he language of the 42 U.S.C. § 2000e–16(c) is clear; the head of the department for which the plaintiff works is the proper defendant in a sex *or race discrimination suit.*" *Id.* (emphasis added). A failure to give notice to the department head during the applicable time period precludes relating back for purposes of amending the complaint to join the department head. *Id.*

The Court believes that the rationale of *Gardner* is controlling in this case. Plaintiff failed to name the Chairman of the EEOC; an essential party in this litigation. Plaintiff is precluded from amending his complaint to name the EEOC Chairman because he failed to provide notice within the 30–day limitations period. Accordingly, the Court believes that the complaint fails to state a claim to which relief may be granted. Therefore, the Court believes that this matter should be dismissed with prejudice.

NOW, THEREFORE, IT IS ORDERED that the Government's motion to dismiss this matter be, and hereby is, GRANTED.