Patricia Ann SANDERS, Plaintiff,

v.

DEPARTMENT OF the ARMY, Defendant.

No. 91–0020C(6).

United States District Court, E.D. Missouri, E.D.

Oct. 29, 1991.

---

Lisa Ottolini, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for plaintiff.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Major Cathy Cates, Office of the Judge Advocate Gen., Dept. of the Army, Arlington, Va., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant's motions to dismiss and to stay discovery. Plaintiff Patricia Ann Sanders, a former federal employee at the United States Army Aviation Systems Command ("AVSCOM"), seeks "relief ... from adverse employment action." (Petition, ¶ 2). AVSCOM placed plaintiff on enforced leave effective August 24, 1987. Plaintiff appealed this agency action to the Merit Systems Protection Board ("MSPB") which canceled plaintiff's suspension and ordered plaintiff's retroactive reinstatement. The MSPB's decision became final on February 23, 1988.

Effective February 26, 1988, plaintiff was removed from her position with AVSCOM. Once again she appealed to the MSPB which this time affirmed the agency's action. This decision became final on June 16, 1988.

On January 8, 1991, plaintiff filed this action. Although it is unclear whether plaintiff seeks review of both MSPB decisions or just the latest MSPB decision affirming her discharge, neither party disputes that the thirty-day period for initiating review in the district court expired for each MSPB decision over two years before she filed this complaint. Plaintiff has not asserted any explanation for her delay.

Defendant filed this motion to dismiss relying on the untimeliness of plaintiff's appeal. Plaintiff responded by contending that the thirty-day time limit is in the nature of a statute of limitations and, as such, defendant should have asserted it as an affirmative defense in its answer. Plaintiff concluded that failure to plead this defense resulted in its waiver.

Defendant's reply memorandum disputed plaintiff's conclusion on several grounds. First, defendant claimed the thirty-day time limit is jurisdictional and even if not jurisdictional is not a statute of limitations. Second, defendant asserted that even if the time period is a statute of limitations, the defendant's first defense in its answer, failure to state a claim, satisfactorily raised this defense. In the alternative, if not satisfactorily pleaded, the Federal Rules of Civil Procedure's liberal amendment policy should prevent any waiver of this defense.

The Eighth Circuit has not decided whether the thirty-day time limit provided in 5 U.S.C. § 7703(b)(2) for appealing an MSPB decision to the United States District Court is jurisdictional or in the nature of a statute of limitations. *See James v. United States Postal Serv.*, 835 F.2d 1265, 1267 (8th Cir.1988). The Court need not reach this issue, however, because it finds that regardless of the nature of the time limit, defendant has adequately asserted the defense.

If § 7703(b)(2) is jurisdictional, then neither party contests that plaintiff's petition is untimely filed, and this court must grant defendant's motion to dismiss. If, however, the time for appeal is a statute of limitations, the parties disagree as to the outcome of this motion.

The Federal Rules of Civil Procedure provide for liberal amendment in the interest of justice. *See* Fed.R.Civ.P. 15(a). This policy extends to amending an answer to add affirmative defenses. *See McKinley v. Bendix Corp.*, 420 F.Supp. 1001, 1002 (W.D.Mo.1976). Once the defendant amends the answer, the defense is no longer considered waived. *Groninger v. Davison*, 364 F.2d 638, 640 (8th Cir.1966).

When the status of a defense is unclear and plaintiff has not claimed any prejudice, as in this instance, and particularly when all but one of the circuits that have decided this issue have concluded the thirty-day period is jurisdictional and thus not a statute of limitations that defendant must plead as an affirmative defense, the Court should allow amendment. *See Scinto v. Kollman*, 667 F.Supp. 1106, 1107 (D.Md. 1987) (citing uncertainty in the validity of a defense at the time answer was filed as grounds for allowing amendment); *see also Johnson v. Burnley*, 887 F.2d 471, 475–79

(4th Cir.1989), *vacated, reh'g en banc granted,* (Jan. 2, 1990) (concluding § 7703(b)(2) is in the nature of a statute of limitations); *Hilliard v. United States Postal Serv.,* 814 F.2d 325, 327 (6th Cir. 1987) (concluding § 7703(b)(2) is jurisdictional); *King v. Dole,* 782 F.2d 274, 275–76 (D.C.Cir.), *cert. denied,* 479 U.S. 856, 107 S.Ct. 194, 93 L.Ed.2d 126 (1986) (same); *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir.1986) (same). In addition, the Court can permit amendment to correct a defense imperfectly asserted in the answer. *See New Hampshire Fire Ins. Co. v. Perkins,* 28 F.R.D. 588, 590 (D.Del.1961). Here, the defendant points to its first defense, failure to state a claim, and contends that this defense encompasses the statute of limitations defense. *McKenzie v. EEOC,* 749 F.Supp. 115 (W.D.N.C.1990). In these circumstances, the Court should allow a defendant to amend his answer to clarify this defense.

Even if § 7703(b)(2) is a statute of limitations, the Court could allow amendment which would cure any waiver. Therefore, the Court finds that defendant's motion to dismiss should be granted.[1]

See also 775 F.Supp. 1269.

---

**1.** Plaintiff neither raised the question of equitable tolling nor presented any basis for finding that the doctrine of equitable tolling would apply in this instance if § 7703(b)(2) is a statute of limitations.