1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cor VERBOOM, Plaintiff-Appellant,
v.
DEPARTMENT OF DEFENSE; Edward Kemp, Director, Equal
Employment Opportunity Commission, Defendants-Appellees.
 No. 93-3005.
 United States Court of Appeals, Sixth Circuit.
 Aug. 5, 1993.
 
 Before: MILBURN, RYAN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Cor Verboom, an Ohio resident, appeals through counsel from this dismissal of his complaint purportedly filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 2
 Verboom was terminated from his position as an exchange (store) manager at Wright Patterson Air Force Base on October 26, 1987, on grounds of sexual harassment and insubordination. In May of 1990, he initiated a discrimination complaint with the Equal Employment Opportunity Director of his former employer, alleging that he had been discriminated against in being terminated rather than being allowed early retirement with full benefits, on the basis of his national origin (Dutch), and a mental handicap. He argued that his mental condition had prevented him from realizing that he had been the subject of discrimination until that month, when he read a magazine article concerning a similarly-situated individual who had been permitted to retire. His complaint was dismissed as untimely. He appealed this dismissal to the Equal Employment Opportunity Commission (EEOC), which accepted his argument and vacated and remanded the case. The Department of Defense moved to reopen this decision pursuant to 29 C.F.R. Sec. 1613.235, which was granted, and the decision reversed. This decision, received by Verboom on May 2, 1991, stated that it was a final decision with no further administrative review available and notified him of his right to file a civil suit within thirty days.
 
 
 3
 Instead, on May 30, 1991, Verboom requested to reopen the decision again, also purportedly pursuant to 29 C.F.R. Sec. 1613.235, on the basis of a letter from his psychiatrist supporting his argument that his mental condition had prevented him from recognizing that he was the victim of discrimination at an earlier time. The EEOC returned this correspondence to Verboom with a letter dated June 7, 1991, again informing him that no further administrative review was available. On July 25, 1991, Verboom filed this action in the district court. His complaint named only the Department of Defense as a defendant but sought injunctive relief compelling the EEOC to reopen his case on the basis of his new evidence or to reinstate the original decision remanding the case to the Department of Defense. The Department of Defense moved to dismiss for failure to state a claim, as no relief was requested of it and the complaint was not timely filed.
 
 
 4
 Pursuant to a request from the district court, plaintiff filed an amended complaint adding the EEOC as a defendant. The EEOC moved for dismissal for lack of jurisdiction. The district court granted both defendants' motions to dismiss on the grounds asserted.
 
 
 5
 Upon review, it is concluded that this complaint was properly dismissed. When the EEOC fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a de novo lawsuit against his employer in the district court. See Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 365-66 (1977); McCottrell v. EEOC, 726 F.2d 350, 352 (7th Cir.1984). The complainant has no cause of action against the EEOC to challenge its processing of a claim. See Scheerer v. Rose State College, 950 F.2d 661, 663 (10th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992). The EEOC's motion to dismiss in this case was therefore properly granted.
 
 
 6
 The motion to dismiss filed by the Department of Defense was also properly granted on the grounds that no relief was requested of that agency and that the complaint was not filed within thirty days of the final decision by the EEOC. See Gardner v. Gartman, 880 F.2d 797, 798-99 (4th Cir.1989). Moreover, Verboom has not contested the dismissal as to the Department of Defense on appeal and is, therefore, deemed to have abandoned this issue. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.